WO                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Melinda Gabriella Valenzuela,                    No. CV 20-00212-PHX-MTL (MHB)

Plaintiff,

v.                                               **ORDER**

David Shinn, et al.,

Defendants.

On January 29, 2020, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a "Motion for Leave to File Pursuant to Court Order" (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 3), and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will grant the Motion to File, deny the Application to Proceed, and dismiss the Complaint and this action pursuant to 28 U.S.C. § 1915(g).

**I.     Vexatious Litigant Orders and Motion to File**

Plaintiff has filed more than 200 cases in this Court since 2002. In response, the Court has issued multiple vexatious litigant injunctions restricting Plaintiff's ability to file in this Court. In a November 27, 2017 Order in CV 16-00951-PHX-NVW (MHB), the Court amended the then-current vexatious litigant injunction and set additional pre-filing requirements. Pursuant to the amended injunction entered against Plaintiff, before filing a

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is housed in a male facility, but identifies as female and refers to herself with feminine pronouns.

complaint, Plaintiff must obtain leave of the Court. Specifically, Plaintiff must file a Motion for Leave to File that conforms to the following provisions:

    1. Plaintiff must file, with each new Complaint, documentation showing that Plaintiff has pursued available administrative remedies. The documentation must include copies of Plaintiff's grievances, responses to those grievances, and any appeals filed by Plaintiff as well as responses to those appeals.

    2. If Plaintiff's claims are based on allegations that she has a serious medical condition or has suffered serious physical injuries, **Plaintiff must file, with the Complaint, documentation of her medical condition(s) and/or injuries that goes beyond her own allegations in the complaint. This evidence may be in the form of medical records or sworn affidavits from medical professionals that document the conditions or injuries alleged in the complaint.**

    3. As stated in the 2004 Injunction, Plaintiff must also file a Motion for Leave to File which contains:

    (1) in the FIRST sentence, a request for leave to file;

    (2) in the SECOND sentence, a certification that the claims Plaintiff wishes to present are new claims never before raised and disposed of on the merits by any federal court.

    If any future Motion for Leave to File does not contain these two requirements, IN THE FIRST TWO SENTENCES, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of this Court.

    (3) in the THIRD sentence, a short, plain statement of the harm Plaintiff has suffered and by whom such harm was inflicted. If the THIRD SENTENCE does not contain this requirement, and if the Court cannot determine what harm Plaintiff claims to have suffered and what Defendant allegedly committed the harm, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of the Court.

    4. Because Plaintiff has "three strikes," any in forma pauperis lawsuit she files must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of

serious physical injury. False allegations of imminent harm may subject Plaintiff to sanctions including further filing restrictions.

5. **If Plaintiff fails to comply with all the requirements of this Order in any filing, the Court will, without further notice, deny Plaintiff in forma pauperis status in that action and in all subsequent actions before this Court.**

CV 16-00951-PHX-NVW (MHB) (Doc. 88 at 2-4 (emphasis in original)).

Plaintiff has filed a Motion for Leave to File and copies of relevant grievances, grievance appeals, and responses. Accordingly, the Court will grant the Motion to File.

**II.     "Three Strikes Provision," 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Plaintiff has filed at least three actions in this Court that were dismissed as frivolous, malicious, or as failing to state a claim. *See*, *e.g.*, CV 02-01670-PHX-JAT (DKD), CV 02-01725-PHX-JAT (DKD), and CV 02-01726-PHX-JAT (DKD). Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee and $50.00 administrative fee unless Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The imminent danger exception applies "if the complaint makes a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

. . . .

In Count One of the Complaint, Plaintiff alleges that she is a transgendered woman, does not have any "male parts," and is subject to strip searches by male detention officers. Plaintiff claims this causes her psychological and emotional harm. Plaintiff's allegations are not sufficient to show she is in imminent danger of serious *physical* injury. *See Beasley v. Holman*, 2011 WL 2690128 (E.D. Tex., July 11, 2011) (rejecting allegation that strip searches placed a prisoner in imminent danger because he claimed the humiliation caused by the searches resulted in increased stress and anguish and produced increased blood pressure and other emotional reactions raising the strong possibility of a heart attack or stroke); *Carter v. Chavis*, 2007 WL 1377655, at *1 (D.S.C. May 7, 2007) (harassment based upon strips searches does not show imminent danger of serious physical injury).

To the extent Plaintiff alleges her housing assignment threatens her safety, Plaintiff has previously alleged Defendants have denied her appropriate housing in an earlier filed case, *Valenzuela v. Centurion Health*, CV 19-05733-PHX-MTL (MHB). That case is presently pending before the Court; Plaintiff is not entitled to proceed in forma pauperis for the purpose of raising duplicative claims.

The Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leave to File (Doc. 1) is **granted**; the Clerk of Court must file the Complaint.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **denied**.

(3) Plaintiff's Complaint and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

. . . .

. . . .

1     (4)     The Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge